## JESSE H. THOMPSON *et al.*

*v.*

## MICHAEL H. BEAVER *et al.*

1. SCHOOL TRUSTEES—*as to establishing districts.* The manner of laying off their township into districts is left by the law to the sound discretion, good judgment, and common sense of the trustees elected for that purpose, and when honestly exercised, a court of equity has no power to supervise their action.

2. AS TO THE EXERCISE OF DISCRETIONARY POWER. If there be flagrant abuse of discretionary power, or corrupt conduct, tending to palpable inconvenience and oppression, equity will interpose to afford the requisite relief.

3. DISTRICT SCHOOLS—*unreasonable rules.* What are reasonable rules, is a question of law. A rule barring the doors of school houses against little children coming from great distances, in the winter, for being a few minutes tardy, is unreasonable and unlawful, and, in its practical operation, little less than wanton cruelty.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. S. A. FOLEY, for the appellants.

Mr. SAMUEL C. PARKS, for the appellees.

23—63D ILL.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The object of the bill exhibited by the appellants was to have the order made in October, 1870, by the appellees, acting in their official capacity of school trustees, dividing township 19 north, range 3 west, into school districts, declared null and void, and have the same canceled and set aside on the ground that it was fraudulently made, and the manner of districting oppressive and burdensome to the inhabitants of the township.

Preliminary to charging the acts complained of, it is alleged that, in 1867, the then acting trustees of the township laid off and sub-divided the township into school districts; that the same was fairly and equitably made, and beneficial and satisfactory to the people; that after such sub-division, the inhabitants of district number 4, in which the village of Broadwell is situated, had caused to be erected a very good and, for that district, a very expensive school house, at a cost of some $4000, and that a good school house had also been erected by the inhabitants in district number 6.

The appellants are directors of districts number 4 and 6, and their cause of complaint seems to be that the sub-division of the township, as made by the appellees in 1870, is burdensome, inconvenient and oppressive to the entire people of the township, and particularly so to the inhabitants of the districts of which they are respectively directors, on whose behalf they have instituted this proceeding.

It is said that, by the new division of the township into school districts, the old district number 4 has been deprived of over one-third of the value of taxable property formerly included in that district when the school house was erected, and in consequence thereof the inhabitants will be wholly unable to support and maintain a school in such district, and pay the debt forced upon them by the action of the trustees, and that a tax sufficient to pay such debt and support a school would be oppressive on those left in the district.

In regard to district number 6, it is charged that the territory comprising the old district number 6 had been divided between districts number 1 and 3, and a new district number 6 formed out of territory taken largely from old district number 4, and that the school house erected by the inhabitants of district number 6 had been assigned by the action of the trustees to district number 3, and that there are not now children enough in the new district number 6 to support a school.

The fraudulent acts charged, upon which the appellants expect relief in a court of equity, are, that the sub-division of the township into new districts, as made by the trustees in 1870, was made through improper motives on the part of two of the appellees, Beaver and Critchfield, by the improper interference of one Darrell F. Wright, who is said to be a large land-holder and tax-payer in the township.

It is also charged, as a ground of relief, that the new districting of the township into school districts was made against the wishes of the inhabitants of a large portion of the township, and particularly against the wishes of those living in districts number 4 and 6.

In the matter of the formation of school districts, the trustees are invested by law with a large discretionary power which it is their duty to exercise for the best interests of the inhabitants of the township. By section 33 of the School Law (Gross' Stat. p. 691,) it is made the duty of the trustees to "lay off the township into one or more districts, to suit the wishes and convenience of the majority of the inhabitants of their township, * * * * which districts they may alter or change at any regular session."

There is no mode pointed out in the statute for ascertaining the wishes of the inhabitants of the township, or what number and size districts would best suit their convenience. It is made the imperative duty of the trustees to lay off the township into districts, but the manner of doing is left to the sound discretion, good judgment and common sense of the trustees elected by the people for that purpose. When this discretion

is honestly exercised, with a view to promote the best interests of the township, although other reasonable men might differ with them in their judgment as to what number and size districts would best suit the convenience of the people of the township, a court of equity possesses no power to supervise the action of the trustees in the premises.

It is not doubted, however, that if there has been any flagrant abuse of the discretionary power with which the trustees are invested, or any corrupt conduct in laying off or changing districts, so that the same would become palpably inconvenient and oppressive to the inhabitants of the township, equity would interpose to afford the requisite relief. *Grove* v. *School Inspectors of Peoria,* 20 Ill. 54; *Metz* v. *Anderson,* 23 Ill. 463.

We have carefully considered the entire evidence preserved in the record. We find there some evidence tending to show that there existed a necessity for re-districting the township, or at least changing some of the districts, especially district number 4, as formed in 1867. The extent of the necessity that existed, or the manner of changing the districts, were clearly within the discretion of the trustees, and we can not undertake to review their action in that regard. It does not appear that the trustees acted from any improper motives, or that they were unduly influenced by any citizen of the township.

The only person charged with having used improper influences to procure the re-districting of the township, is Darrell F. Wright. His action in the premises may be ascribed to other than corrupt motives. He resided in district number 4, and distant one and a-half miles from the school house, in the village of Broadwell. By a rule adopted for the government of the school, his children, for the reason that they were a little tardy, were denied admission to the school house, at times when the weather was very inclement.

The directors undoubtedly have the power to make and cause to be enforced all reasonable rules and regulations for

the government of schools in their respective districts. What are reasonable rules, is a question of law, and we do not hesitate to declare that a rule that would bar the doors of the school house against little children who had come from so great a distance in the cold winter, for no other reason than that they were a few minutes tardy, is unreasonable, and therefore unlawful. In its practical operation it amounts to little less than wanton cruelty. If it was the purpose of Mr. Wright to get his children and those of his neighbors out from under the operation of a rule so unjust and oppressive, the motive was a proper one, and such as would actuate any right-minded man.

The evidence discloses no such abuse of a sound discretion, or any such corrupt conduct on the part of the trustees, as to the time and manner of re-districting the township, as would authorize a court of equity to interpose to review their action.

While we may not be satisfied that the division of the township into districts in 1870 was the best that could have been made for the convenience of the inhabitants, still the action was within the discretion of the trustees, and inasmuch as it does not appear that they acted corruptly or from improper motives, or that the division that was made was grossly unequal and oppressive on the inhabitants, a court of equity ought not to interfere.

It is our judgment that the bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*