TRUSTEES OF SCHOOLS *et al.*

*v.*

SCHOOL DIRECTORS OF DISTRICT NO. 2, ETC.

*Opinion filed April 18, 1901—Rehearing denied June 7, 1901.*

1. SCHOOLS—*county superintendent's decision as to proposed change of district is final.* On appeal to the county superintendent from the action of the boards of trustees of certain townships rejecting petitions for the formation of a new school district, it is his duty to investigate and determine whether the proposed change will be for the best interests of the districts affected, and his decision is final, in the absence of fraud or a flagrant abuse of his discretion.

2. INJUNCTION—*equity will not ordinarily control the exercise of discretionary power by public officer.* If public officers are invested with discretionary power, a court of equity will not interfere to control or review the exercise of such power, unless fraud, corruption, oppression or gross injustice is plainly shown.

3. SAME—*what does not render change of school district oppressive.* A proposed change in a school district is not rendered unjust, unreasonable and oppressive by the fact that to carry out such change the district will have to be taxed to the statutory limit.

4. TAXES—*tax to pay proportionate share of school building is a tax for building purposes.* A tax to enable a school district to pay its proportionate share of a school building is a tax for building and not for educational purposes.

APPEAL from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

GEORGE W. HERDMAN, and EDWIN A. DOOLITTLE, for appellants.

FRANK A. WHITESIDE, and HENRY T. RAINEY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees, school directors of district No. 2 in township 9, range 11, in Greene county, by their bill prayed the circuit court of said county to enjoin the superintendent of schools, the township treasurer of said township 9, and the trustees of said township 9 and township 10, in range 11, from proceeding further in granting the prayer of a petition for the formation of a new district out of certain territory belonging to said district No. 2 and two other districts in said township 10, or from dividing said district No. 2. The issues were made up and the cause heard, and a final decree was entered as prayed.

The bill alleged that a petition for the formation of a new district was presented to the boards of trustees of said townships at their regular April meetings and was rejected by each board. The petition was in accordance with the provisions of the law, and was signed by two-thirds of the legal voters within the prescribed territory, which was alleged to contain not less than ten families. An appeal was taken to the county superintendent of schools and there was a hearing before him, at which all persons interested were present in person and by attorney. After hearing the parties the county superintendent decided that the proposed change was for the best interests of the districts concerned and of the inhabitants, reversed the action of the trustees and ordered that the prayer of the petition should be granted. The bill did

not charge, and it is not now claimed, that there was any error in the procedure or any failure to comply with the statute, and the validity of the various steps for forming the new district is not questioned. The only ground alleged or argued for invoking the jurisdiction of the court of equity to set aside the decision of the county superintendent, who is entrusted by law with the power to decide the question, is, that his decision was wrong and such as to work injustice and oppression to district No. 2. The claim is, that the district which will be left with the school house will be unable to maintain any school the first year on account of having to pay to the new district its proportionate share of the value of said school house and property, and thereafter would have to unreasonably and unjustly tax the inhabitants to the limit of the law to sustain a proper school.

The evidence to sustain this claim relates to the value of the school house and school property and taxable property remaining in the district, and the amount of teacher's wages and the expense of maintaining a school. It is said that the proportion of the value of the school house would be paid from the tax raised for educational purposes, which would prevent holding a school the first year. A tax to pay the proportionate share of a building would not be for the support of the school or educational purposes, and such a tax would be properly classed as for building purposes. In crediting the new district with its proportionate share of the value of the school house property it could only be credited or paid out of a fund which could be lawfully applied to that purpose. The payment would properly be made from a tax levied for building purposes. The taxable property of the district will enable it to pay its share of the value of the school property from a tax for building purposes and to maintain a school by tax for educational purposes.

It is the duty of the county superintendent, on the hearing of appeals, to investigate and determine whether

the proposed change will be for the best interest of the districts affected, and the statute provides that his action shall be final and binding. He is vested with discretion to determine what is best for the people and the cause of education. The rule is well established that when public officers are so invested with discretionary powers, a court of equity will not interfere to control or review the exercise of the power unless fraud, corruption, oppression or gross injustice is plainly shown. A court of equity cannot sit as an appellate tribunal to review the exercise of judgment where there is no gross abuse of the power, and the law does not contemplate any supervisory power in the court for the purpose of correcting errors of judgment. (*Thompson* v. *Beaver*, 63 Ill. 353; *Metz* v. *Anderson*, 23 id. 463; *School Directors* v. *Trustees of Schools*, 66 id. 247; High on Injunctions, 785, 787.) In this case there is no evidence of fraud or improper motive on the part of the county superintendent or intention to oppress or injure any person. There has been no flagrant abuse of discretionary power, and the most that can be said is, that the decision of the county superintendent was unwise and the judgment of the court upon the same facts would have been different. The district will have to be taxed somewhere near the limit of the statute to maintain a school, but the court cannot say that it is unreasonable, unjust and oppressive to levy a tax within the limit fixed by the legislature. The law having made the county superintendent the judge in such matters, if he merely errs in the honest exercise of his judgment and there is no gross abuse of his power, the court cannot set aside the legislative provision giving him power to determine the question.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded.*