**School Directors of District 25, etc., County of Greene, v. The People, ex rel. School Directors of District 101, County of Greene.**

1. MANDAMUS—*who proper relator in proceeding for.* Where the remedy by *mandamus* is resorted to for the purpose of enforcing a private right, the person interested in having the right enforced must become the relator; if, however, the object sought is the enforcement

of a public right, the people are regarded as the real party and the relator need not show that he has any legal interest in the result, and a private citizen may properly be named as such relator.

2. MANDAMUS—*when judgment at law not essential to maintenance of*. Where *mandamus* is sought as a means of collecting a tax, it is not necessary that a judgment at law should be predicated thereon.

3. MANDAMUS—*when lies*. *Mandamus* lies at the instance of the directors of a school district to compel the proper official body to issue a certificate, etc., essential to the extension of a tax levied for school purposes.

*Mandamus* proceeding. Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October, 9, 1905.

FRANK A. WHITESIDE, for appellants.

E. A. DOOLITTLE and THOMAS HENSHAW, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

District 101 was formed in part of territory lying within the limits of district 25. After district 101 was formed the trustees of schools in pursuance of section 64 of article 3 of the school law duly caused appraisement of the school property, real and personal, of the old district to be made and charged it to district 25 in which it was, and credited district 101 with its proportion of the valuation. The real property was valued at $665, and the personal at $33, in all the sum of $698, and the shares thereof found by the trustees to be due to district 101 was $367.36, or $350 on account of the real property and $17.36 on account of the personal property. Prior to the commencement of this suit the directors of district 101 made demand in writing upon the directors of district 25 to include in their certificate for taxation to be returned to the township treasurer the said sums, $350 for building purposes and $17.36 for school purposes, so credited to district 101, but the demand was ignored and refused and thereupon this suit in *mandamus*. was commenced. The petition sets up the above stated matters and further states that district No. 25 has no funds in the hands of the township treasurer avail-

able for the purpose of paying the said amount so due from it to district 101. Appellants demurred to the petition, their demurrer was overruled, and, electing to abide by their demurrer, judgment was entered awarding a peremptory writ of *mandamus* as prayed.

The sufficiency of the petition is the sole question presented for our consideration. It is insisted by appellants that the directors of district 101 are not competent under the statute to act as relators, that they have no such interest in the matter involved as authorizes the proceedings, that the legal title of school funds is in the trustees of schools, and that therefore they only are proper parties plaintiff. This is not an ordinary suit at law to recover a a sum of money; it is a suit to compel the performance of an official act which by law is required to be done by the defendants. The act required to be done is of a public nature; it concerns not only the directors as individuals, but every citizen of district 101. The directors are the representatives of the people in the use of the funds which are sought; they are the only persons authorized by law to expend such funds, and they are by law required to expend them in behalf of the people. The trustees through their treasurer are mere custodians thereof until such time as the directors order them paid out. Taxes for building purposes and for educational or school purposes, as the two kinds of taxes are distinguished, can be levied only by directors and can be spent only by directors and only for public purposes. The distinction made by the authorities upon the matter of who should be relator is between matters of public right and private right. "Where the remedy is resorted to for the purpose of enforcing a private right, the person interested in having the right enforced must become the relator. He is considered as the real party, and his right to the relief demanded must clearly appear. A stranger is not permitted officiously to interfere and sue out a *mandamus* in a matter of private concern. But where the object is the enforcement of a public right, the People are regarded as the real party, and the relator need not show that he has

any legal interest in the result.   It is enough that he is interested, as a citizen, in having the laws executed, and the right in question enforced."   The County of Pike v. The State, 11 Ill. 208.   The directors were manifestly very proper parties to bring this suit.

It is next claimed that suit cannot be maintained until the judgment of a court of law shall be obtained on the amount claimed.   The law requiring the claim of a party to be reduced to judgment before a suit in *mandamus* will lie—has no application to such a case as this.   The purpose of requiring a claim to be reduced to judgment before a writ of *mandamus* can be called for is to make the amount of the claim fixed and certain.   The petition shows that the claim of district 101 has been made certain by the action of the trustees of schools.   That action is absolutely final until impeached in some manner known to the law. No judgment of a court could render it more decisive, fixed or certain.

It is also argued that the petition is bad in that under the facts stated in the petition there is no authority in law for the levy of a tax of $350 for building purposes; that at the most such a tax could be levied only for the amount of appellees' share of the value of the building, and that the value of the ground cannot be included.   In School Trustees v. School Directors, 190 Ill. 390, some of the controversies arising out of the formation of appellee district 101 are considered and determined and, as we conceive, this precise question was before the court and was adjudicated and adversely to the appellants.   A further ground of objection to the petition is that it does not aver facts showing that the levy of the sum of $350 would come within the statutory limit of two and one-half per cent. on the taxable property of district 25; that it was within the power of the directors of district 25 to levy that sum.   Section 2 of article 8 of the school law provides: "The directors of each district shall ascertain as near as practicable, annually, how much money must be raised by special tax for school purposes during the ensuing year, which amount shall be

certified," etc., and provides the form of certificate, in which is to be stated so many dollars for "building" purposes and so many dollars for "school" purposes. These two stated purposes appear to cover all the objects for which taxes may be levied by directors, and for each purpose the directors are required to state what amount must be raised, not what per cent., on the taxable property. In C. & A. Ry. Co. v. The People, 155 Ill. 282, in discussing the duties and powers of school directors under this section it is said: "Owing to the fact that, at the time the directors are required to make this certificate, they cannot definitely know just what the valuation of the taxable property of their district will amount to for the current year, and fix the amounts within the statutory limit upon such valuation, we held in Wabash Railroad Co. v. The People, 147 Ill. 196, that in making their certificate they should take into consideration the needs of their district, alone, and if their estimate should happen to exceed the limited per cent., the only result would be that no more than the lawful per cent. could be levied and extended on the tax books, and the excess would have to be abated." In the same opinion it is further stated to be the duty of the county clerk to abate the excess above the statutory per cent. limit before extending the tax if such excess is found to exist. All that is required of appellants by the writ is to make and file with the treasurer their certificate for the $350 and $17.36. The county clerk can determine whether the whole amount can be extended. If the whole amount cannot be extended for one year it will be the duty of appellants to certify the balance at the succeeding year or years until the whole amount shall have been raised. There are some other points of demurrer sought to be raised by appellants, but we do not deem them of sufficient importance to require discussion by us.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*