(No. 15203.—Reversed in part and remanded.)

ALVIN FISHER *et al.* Defendants in Error, *vs.* SIMON G. BIRKEY *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923.*

1. SCHOOLS—*action of school officers changing boundaries must not be arbitrary—equity.* School officers in exercising their power to divide school townships for school purposes and in making changes in the districts are vested with a large discretion, but their action must not be arbitrary or exceed the bounds of reason, and if there is an abuse of discretion or power, even though not willful or intentional, a court of equity will give relief by setting the action aside.

2. SAME—*what should be considered in acting on petition for new district.* On a petition for the creation of a new school district by taking territory from different townships, not only the wishes of the persons residing in the territory which it is proposed to include in the district are to be considered, but also the rights and interests, wishes and convenience of the inhabitants and taxpayers of all the districts affected.

3. SAME—*decree setting aside an order creating a new district should not make directors personally liable for costs.* In a proceeding in equity to set aside an order of the county superintendent creating a new school district on the ground that it was an unreasonable and arbitrary exercise of authority, school directors who are made defendants to the bill in their corporate name as directors of the new district should not be made personally liable for costs in the decree granting the relief prayed, as the district legally exists until it is determined otherwise in a proper proceeding.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding.

307—40

SMITH & SMITH, and W. J. REARDON, for plaintiffs in error.

JESSE BLACK, JR., for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question to be decided on this appeal is whether an order of the county superintendent of schools of Tazewell county creating school district No. 118, composed of territory taken from four townships, made on appeal from adverse orders of the several boards of trustees of the townships, was the lawful exercise of the discretion committed to superintendents of schools by the statute, or was unjust, unreasonable and oppressive and subject to be set aside and annulled by a court of equity. The question first arose on demurrer to the amended bill of complaint, when a demurrer was sustained and the bill dismissed for want of equity. An appeal was prosecuted to this court, and the decree was reversed and the cause remanded, with directions to overrule the demurrer. (*Fisher* v. *Birkey,* 299 Ill. 145.) The facts alleged in the amended bill of complaint were fully stated, together with a map or plat of the district, and the conclusion was that such facts showed the action of the superintendent to be unjust, unreasonable and oppressive and if proved would entitle the complainants to the relief prayed for, and that the court erred in sustaining the demurrer and dismissing the bill. The cause was re-docketed in the circuit court and the demurrer overruled. An answer was filed denying specifically all the allegations of the bill showing or tending to show that the formation of the new district was not a reasonable exercise of discretion by the superintendent of schools and affirming that it was in accordance with the wishes and convenience of the inhabitants of the districts affected. The issues were referred to the master in chan-

cery to take and report the evidence, with his conclusions. The master took the evidence and made findings of fact that petitions for the formation of the district were filed with the trustees of schools of the several townships and denied by them; that an appeal was taken to the county superintendent of schools and an order made creating the district; that taxes had been levied and paid and a school had been conducted in a rented house in the district. He stated the location of roads and residences and the number of children of school age, and from the facts found concluded that the action of the superintendent in forming the district was not unreasonable or oppressive and did not exceed the power conferred on him by the statute. The cause was heard on exceptions to the report, and the chancellor sustained such exceptions as were directed to the conclusions of the master and entered a decree granting the relief prayed for.

It is neither necessary nor desirable to repeat the facts alleged in the amended bill, which were stated in the opinion filed when the decree was reversed and the cause remanded, which the court decided were sufficient, if proved, to establish the fact that the order of the county superintendent was arbitrary and exceeded the bounds of reason when the situation and all the circumstances were considered. The law to be applied to such a conclusion of fact was declared as it had previously been stated by the court in *Metz* v. *Anderson,* 23 Ill. 463, *Thompson* v. *Beaver,* 63 id. 353, and *Trustees of Schools* v. *School Directors,* 190 id. 390. School officers in exercising the power to divide school townships into proper divisions to suit the wishes and convenience of a majority of the inhabitants thereof for school purposes, and in making changes in the districts, are vested with a large discretion, but their action must not be arbitrary or exceed the bounds of reason, and if it does, although there may be no willful or intentional wrong or abuse of power, a court will give relief by setting it

aside.   Whether a statute is reasonable is a question for the legislature and not for a court, but the legislature by the general law has not created any school district, but has given authority to form districts under the conditions and with the limitations fixed by the statute.   The only question now to be considered is whether the facts alleged in the amended bill were proved, and we find from the evidence that they were.   The map or plat contained in the former opinion was shown to be substantially correct and the conditions alleged affecting the conclusion of the chancellor were as alleged in the bill.   The order forming the district was in compliance with the wishes of the persons residing in the territory which it was proposed to include in the district, and they were willing to bear the heavy burden of taxation for the purchase of a site, the erection of a school house and the maintenance of a school, which at the time of the hearing was attended by eleven pupils.   But that was not the only matter to be considered in acting upon the petitions.   The rights and interests, wishes and convenience, of the inhabitants and tax-payers of all the districts affected were involved, and the decree setting aside the order of the superintendent of schools was in accordance with the views of this court and was correct.

The school directors and the county clerk were defen ants, and the decree adjudged the costs against the school directors as individuals and awarded execution against them.   This is sought to be justified on the ground that there was no school district No. 118, and there could be no decree for costs against a district which had no existence but it must be against the individuals pretending to be school directors of a district never created.   That is a misapprehension.   The order of the county superintendent of schools created the district, and it would exist as a school district, with all the powers conferred by law, until the order should be set aside by a court of competent jurisdiction.   By the statute school directors are created a

body politic and corporate and by their official name can sue and be sued, and in this case they were made defendants as school directors of school district No. 118 in Tazewell county, Illinois, which was an admission of the legal existence of the district. An information in the nature of *quo warranto* is the proper remedy to test the legality of the formation of a school district. (*School Directors v. School Directors,* 135 Ill. 464.) In such an action in the name of the People against individuals charged with usurping the franchise to be a municipal corporation the individuals are the proper defendants. They may either disclaim or justify, and if they justify, claiming the right to exercise the right of franchise, and the judgment is against them, they are personally liable· for costs. The legal existence of the district could not be questioned collaterally, and in the suit in equity to set aside the order of the county superintendent and terminate the legal existence of the district, where the directors were ·sued by their corporate name, their individual names were surplusage and they were not personally liable for costs. (*Shoudy v. School Directors,* 32 Ill. 290; *Botkin v. Osborne,* 39 id. 101.) The directors were maintaining a school in a rented building, had levied and collected taxes and were exercising the corporate powers of the school district. It was error to decree costs against them individually and to award execution.

A cross-error is assigned on the refusal of the chancellor to hold sections 46, 55 and 56 unconstitutional on the ground that the legislature could not give unlimited discretionary power to a municipal body or officer, such as trustees of schools or the county superintendent, to form or divide school districts. If the sections were unconstitutional there was a plain and adequate remedy at law, and the bill showed no reason for the intervention of a court of equity to prevent either a multiplicity of suits or irreparable injury. This was stated in the former opinion,

and the basis of the bill giving a court jurisdiction was that the action of the county superintendent was unreasonable and oppressive and should be set aside, and the legal existence of the district, as already stated, was admitted. The cross-error is overruled.

The decree is affirmed except as to the judgment for costs and award of execution against the school directors. That portion of the decree is reversed and the cause is remanded to the circuit court for a proper decree for costs.

*Reversed in part and remanded.*