(No. 32616.—

Rock Island Metal Foundry, Inc., Appellee, *vs.* The City of Rock Island *et al.,* Appellants.

*Opinion filed March 23, 1953.*

Robert A. Eagle, of Rock Island, for appellants.

Huber, Reidy & Katz, of Rock Island, (Isador I. Katz, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County which reversed a decision of the zoning board of appeals of the city of Rock Island. The trial court has certified that the validity of a municipal ordinance is involved, and that the public interest requires an appeal to this court. Ill. Rev. Stat. 1951, chap. 110, par. 199.

Since 1923 the Rock Island Metal Foundry, Inc., has operated a foundry in a plant built on three lots in Rock

Island. The property here involved consists of two additional lots lying immediately south of the original plant, which were zoned for residential use by an ordinance enacted by the city of Rock Island in 1941. In 1946 and 1947 building permits were issued by the building inspector of the city for the erection of large quonset huts on these two lots. The permit first issued authorized the erection of a warehouse building. The second permit was issued for the erection of a building for foundry purposes. In August of 1947 the first quonset building was converted from warehouse use to foundry use; both buildings have been used for foundry operations since that time.

In 1948 the city of Rock Island adopted a new zoning ordinance which was in substance a re-enactment of the 1941 ordinance. Under the 1948 ordinance the use of the lots in question remained restricted to residential purposes. In July of 1951, property owners in the neighborhood appealed to the zoning board of appeals from the action of the building inspector in granting the permits for the erection of the quonset buildings. The board conducted a hearing at which a number of the neighboring property owners testified with respect to the noise, vibration, fumes, dirt, and gas occasioned by the foundry work carried on in the two quonset huts.

The company offered no evidence at the hearing before the zoning board. Instead, the attorney for the company made an unsworn statement and requested that it be made a part of the record. He related the history of the company and of its use of its property, and then argued that the first zoning ordinance, passed in 1941, was never effective because it had never been properly published; that at the time of the construction of the quonset huts no enforcible zoning ordinance was in effect; and that consequently the quonset buildings, completely constructed a full year before the first effective zoning ordinance was passed in August of 1948, constituted a lawful, nonconforming use.

The zoning board of appeals found that the company was conducting foundry operations on property zoned for residential use, contrary to the provisions of the zoning ordinances of the city. The company sought review of the board's decision under the provisions of the Administrative Review Act. Ill. Rev. Stat. 1951, chap. 110, pars. 264 *et seq.*

At the hearing before the circuit court, the company introduced evidence relating to the uses to which property in the vicinity of the lots in question was put, and to the failure to publish the zoning map referred to in the 1941 zoning ordinance. Counsel for the city objected to the introduction of any evidence, and refused to introduce any evidence, on the ground that judicial review under the Administrative Review Act is limited to a review of the record made before the administrative body. In a written opinion the circuit court sustained the objection to the evidence insofar as it related to the use of the property in question and property in its vicinity, but overruled the objection insofar as it related to the defective publication of the 1941 ordinance. The court held that the publication of the zoning ordinance without publication of the map which by reference was made a part of the ordinance was not in accordance with law and that the 1941 ordinance therefore never became effective; that the quonset buildings were constructed and used for foundry purposes before the enactment of an effective zoning ordinance in 1948, and that therefore the use made of the lots in question was a legal, nonconforming use. The decision of the zoning board of appeals was reversed.

The single contention made by the city and the zoning board of appeals is that the circuit court erred in hearing additional evidence and in basing its decision on that evidence. This contention is based upon section 11 of the Administrative Review Act which provides: "The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court.

No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1951, chap. 110, par. 274.) In our opinion this contention is sound.

The company's basic position before the zoning board of appeals, before the circuit court, and here, is that its present use of the property is not prohibited, because it is a nonconforming use. To establish that proposition it relies upon the invalidity of the 1941 ordinance, under which the property was zoned for residential use. The asserted invalidity of the 1941 ordinance rests upon an alleged failure to publish the use map without which the ordinance itself is meaningless. (*County of Winnebago* v. *Cannell,* 376 Ill. 277.) The issue thus raised is primarily an issue of fact, to be determined from the evidence. (Compare our Rule 48(3) referring to "* * * any question of fact appertaining to the constitutional enactment of a law of this state * * *." Ill. Rev. Stat. 1951, chap. 110, par. 259.48.) On this issue, however, the company offered no evidence before the zoning board of appeals. Such references to the 1941 ordinance and its defective publication as are contained in the testimony before the board of appeals are fragmentary and unsatisfactory. The clearest exposition is in the statement of the attorney for the company, but that, of course, was not evidence and properly was not regarded as evidence by the trial court.

Confronted with this unsatisfactory record, the trial court heard evidence concerning the publication of the 1941 ordinance, and on the basis of that evidence decided that the ordinance was never properly published and so never became effective. In attempting thus to supply the deficiencies in the record before the zoning board of appeals, we are of the opinion that the court erred. As we said con-

cerning the Administrative Review Act in *Strohl v. Macon County Zoning Board of Appeals*, 411 Ill. 559, "It provides for reviews of the decisions of the board on the record alone, as no new or additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held *prima facie* true and correct."

The Administrative Review Act recognizes that the records made before administrative agencies may not always be adequate. It does not contemplate, however, that the deficiencies shall be supplied by new evidence offered in the proceeding to review the decision of the agency. Section 12 provides: "The Circuit or Superior Court shall have power: * * * (f) where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper; (g) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just."

In our opinion the circuit court was not authorized to hear evidence. It should have proceeded to have the deficiencies in the record of the zoning board of appeals corrected by remanding the matter to the board in accordance with section 12 of the Administrative Review Act. The judgment of the circuit court is therefore reversed and the cause remanded, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE CRAMPTON, dissenting.