Community Consolidated School District No. 201 of La Salle County, Illinois et al., Plaintiffs-Appellants, v. County Board of School Trustees of La Salle County, Illinois et al., Defendants-Appellees.

Gen. No. 10,862.

Second District.

September 27, 1955.

Released for publication October 17, 1955.

Zwanzig, Thompson & Lanuti, of Ottawa, for appellants.

Jack Trager, of Ottawa, for appellees.

MR. JUSTICE EOVALDI delivered the opinion of the court.

This case involves an appeal from an order of the circuit court of La Salle county, Illinois, affirming the order of the County Board of School Trustees of said county, detaching approximately four sections of terri-

tory from Community Consolidated School District No. 201 and annexing same to Consolidated School District No. 230, both being in La Salle county.

Plaintiffs-appellants contend that the County Board of School Trustees failed to comply with paragraph 4B—4, chap. 122, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 123.754B(4)], in a comprehensive consideration of the welfare of all the pupils and schools of the area, and that the board's order was against the manifest weight of the evidence and therefore the circuit court should have reversed said order.

For answer, defendants-appellees take the position that said order was in all respects in accordance with the law and the evidence; that there was a full compliance with the above section of the statute; that the order was not arbitrary or unreasonable and was not against the manifest weight of the evidence.

A petition was signed and filed, by 38 of the 39 legal voters residing in the territory, in the office of the county superintendent of schools of said county, requesting detachment of the territory therein described from District No. 201 and annexation to District No. 230. After timely notice, a hearing was had at which evidence was heard, which resulted in a decision granting the petition to so detach and annex.

District No. 201, and two individual objectors, filed their complaint for review of such administrative decision under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1953, chap. 110, par. 264 et seq. [Jones Ill. Stats. Ann. 104.094(1) et seq.]).

There is a dispute in the testimony. A review of the pertinent facts discloses that the territory in question is compact and adjacent and contiguous to District No. 230; that the territory included all of the balance of Rutland Township not already in said District No. 230, except the Wiley Farm, St. Joseph's Health Resort and a narrow strip of land between the public highway and the Fox River; that the bridge across the Fox

River at Wedron (which afforded access to the schoolhouse in District No. 201) was so unsafe that the school bus loaded with school children could not cross it without exceeding the weight limit posted on the bridge; that the children were, therefore, unloaded from the bus on one side of the Fox River and were required to walk across the bridge, and then boarded the bus on the other side of the river; that there were four classrooms in the school of District No. 201, quite small, and that there were between 110 and 120 pupils in the school, and that the rooms were crowded.

District No. 230 was then operating three separate schools, with between 80 and 90 children attending, including 10 or 11 from the territory involved; all of the children were transported to school by bus; and said District No. 230 offered all the required subjects and offered a music program and had recreational facilities.

The testimony of the two individual plaintiffs is to the effect that the school facilities at the Wedron School in District No. 201 were ample to accommodate all of the children attending the school, and that they would have better educational facilities than they would have in District No. 230; that the schoolhouse in District No. 201 had been modernized in recent years and that the district had recently acquired additional property and improved it to the extent of $7,500. One of said plaintiffs admitted, however, that his primary purpose in objecting to the petition for detachment from District No. 201 was the loss of valuation, and subsequent tax increase to the residents of said District No. 201.

Based upon the testimony of the Secretary of District No. 201, appellants strenuously urge that the detachment would cause undue hardship and would seriously impair the financial condition of District No. 201, as approximately 25 per cent of the territory would be detached from that district so that the re-

maining pupils in said District No. 201 would not be able to receive the proper consideration for their education; that the tax rate in District No. 201 was considerably higher than in District No. 230; and that, therefore, the detachment was made in violation of section 4B–4 of the School Code, as the administrative agency acted arbitrarily and unreasonably in arriving at its decision.

■ As pointed out in People ex rel. Dixon v. Community Unit School Dist. No. 3, 2 Ill.2d 454, this is no defense to the detachment proceedings. Here, the loss of assessed value amounts to 22.9 per cent. While it is true that the loss of the valuation might cause an increase in the tax rate, surely the legislature had this in mind when it provided a method of detaching property from one school district and annexing same to another, knowing that in each such case there would be some financial loss to the school district from which the territory was detached. It was certainly not the intention of the legislature to freeze the boundaries of school districts in order to prevent an increase in the tax rate. From an examination of the exhibit which was admitted in evidence at the hearing before the County Board of School Trustees, and from the admission of appellants in their brief, it appears that the tax rate in District No. 201 is .574 per cent in the educational fund and .129 per cent in the building fund. In this case while District No. 201 might have to increase its said tax rate, this does not mean that it will be required to levy a tax rate in excess of the limitation imposed by statute as contended by appellants. Actually, the legal maximum tax rate for District No. 201, without further referendum, is .90 per cent in the educational fund and .25 per cent in the building fund. It can readily be seen, therefore, that District No. 201 is nowhere near its legal statutory rate. And, even if it was, the rate could be raised by referendum. In the case of Trustees

102

of Schools v. School Directors of Dist. No. 2, etc., 190 Ill. 390, it was held that a proposed change in a school district is not rendered unjust, unreasonable and oppressive by the fact that to carry out such change the district will have to be taxed to the statutory limit.

■ ■ The County Board of School Trustees saw the witnesses and received the report from the County Superintendent of Schools as to the school needs and conditions, the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction and as to whether it would be to the best interests of the schools of the area and the educational welfare of the pupils that the territory be detached from District No. 201 and annexed to District No. 230. With all of this evidence before them, the County Board of School Trustees exercised its discretion and granted the prayer of the petition. In discretionary matters, the court will not substitute its judgment for that of the administrative agency. People ex rel. Loughry v. Board of Education of Chicago, 342 Ill. App. 610. Where evidence is conflicting the finding of the administrative agency will not be disturbed, as it is only where its decision is without substantial foundation in the record or is manifestly against the weight of the evidence that such decision will be set aside. Town of Cicero v. Industrial Commission, 404 Ill. 487; Crepps v. Industrial Commission, 402 Ill. 606.

We therefore conclude that the disputed territory was properly detached from Community Consolidated School District No. 201 of La Salle county, and annexed to Consolidated School District No. 230, of said county. The judgment of the circuit court of La Salle county is affirmed.

Judgment affirmed.

DOVE, J., concurs.