**Wilmer Stehl et al., Plaintiffs-Appellants, v. County Board of School Trustees of La Salle County, Illinois et al., Defendants-Appellees.**

### Gen. No. 10,842.

Second District.

October 11, 1955.

Released for publication October 31, 1955.

Walter D. Boyle, of Hennepin, for appellants.

McNeilly, Ryan & Olivero, of Peru, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

A petition was filed with the County Board of School Trustees of La Salle County in accordance with the provisions of Article 4A of the School Code (Ill. Rev. Stat. 1953, chap. 122, par. 4B—1 et seq. [Jones Ill. Stats. Ann. 123.754B(1)] et seq.). The petition was signed by nineteen of the twenty-three legal voters residing in a territory comprising two and one-half sections of land located in Hopkins Township High School District No. 536, requesting the detachment of said territory from said district and annexing it to Tonica Community High School District No. 360. The hearing by the Board of Trustees resulted in an order granting the petition. Upon a review of such decision, under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1953, chap. 110, par. 264 et seq. [Jones Ill. Stats. Ann. 104.094(1) et seq.]), the circuit court affirmed the order of the Board of School Trustees, and this appeal follows.

Only two contentions are made by counsel for appellants: (a) that the decision of the County Board of Trustees is manifestly against the weight of the evidence; and (b) that said decision is in violation of section 4B–3 of the School Code [Jones Ill. Stats. Ann. 123.754B(3)] and, therefore, void inasmuch as the Tonica High School District has a population of less than 1,600 after the annexation of the lands involved in this proceeding.

Section 4B–1 of the School Code provides that new school districts lying entirely within any county may be created and the boundaries of existing school districts lying within any county may be changed by detachment, annexation, division, dissolution or consolidation, or by any combination thereof by the County Board of School Trustees of such county, when petitioned by the boards of each district affected or by a majority of the legal voters residing in each district affected or by two-thirds of the legal voters residing in

259

any territory proposed to be detached from one or more districts or in each of one or more districts proposed to be annexed to or consolidated with another district. The provisions of section 4B–2 [Jones Ill. Stats. Ann. 123.754B(2)] are applicable to school districts lying within two or more counties. Section 4B–3 then provides: "No petition shall be granted under sections 4B–1 or 4B–2 of this Act:

"(a) If there will be any non-high school territory resulting from the granting of the petition.

"(b) Unless after granting the petition any community unit district or high school district created shall have a population of at least 2000 and an equalized assessed valuation of at least $6,000,000.00 based upon the last full, fair cash value as equalized by the Department of Revenue as of the date of filing of the petition.

"(c) Unless the territory within any district so created and any district whose boundaries are affected by the granting of such petition shall after the granting thereof be compact and contiguous except as provided in section 4B–4 of this Act.

"(d) To create any school district with a population of less than 2000 unless the Superintendent of Public Instruction and the County Superintendent of Schools of each county in which the proposed district will lie shall certify to the county board or boards of school trustees that the creation of such new district will not interfere with the ultimate reorganization of the territory of such proposed district, as a part of a district having a population of 2000 or more."

Counsel for appellant argue that the legislature has by these provisions adopted an express policy that a high school district must contain a population of at least 2,000 and has prohibited the changing of the boundaries of a district unless the change will create a district of that population.

These sections of the School Code authorized the County Board of School Trustees to act in two situa-

tions: (a) the creation of new school districts; and (b) the changing of boundaries of existing school districts. The word *create* used in these provisions of the School Code has reference to new, not existing, school districts, and when a boundary change is mentioned it is in connection with an existing school district. This is what the statute says, and this must be what the legislature intended. The instant case involves a change of boundaries to existing districts and, therefore, section 4B–3(b) is not applicable. It might be noted that section 4B–3(c) provides that no petition shall be granted unless the territory within any district *so created* and any district *whose boundaries are affected* by the granting of such petition shall after the granting thereof be compact and contiguous except as provided in section 4B–4 [Jones Ill. Stats. Ann. 123.754B(4)] of this Act; and section 4B–3(d) provides that no petition shall be granted to *create* any school district with a population of less than 2,000 unless the Superintendent of Public Instruction and the County Superintendent of Schools of each county in which the proposed district will lie shall certify to the County Board or Boards of School Trustees that the *creation* of such *new district* will not interfere with the ultimate reorganization of the territory of the proposed district as a part of a district having a population of 2,000 or more.

█ In Kinney v. County Board of School Trustees of La Salle County, Gen. No. 10841, an opinion being this day filed therein, it was insisted that the Lostant High School District, to which the County Board of School Trustees annexed 6¼ sections of land, was not shown to have a population of 2,000 after granting the petition, but it was there held that section 4B–3 did not apply to a case of annexation to an existing school district. It is interesting to note that Article 4B–3 of the School Code was amended on July 9, 1955, by adding thereto subpar. (e), so that as now amended, section

261

4B–3 provides that no petition shall be granted under section 4B–1 or 4B–2 of the School Code, if, after the change of boundaries any district has less population or assessed valuation than required for the creation of a district of like type. (Smith-Hurd Ill. Anno. St. 1955, ch. 122, sec. 4B–3.) Prior to this amendment, the statute applied to the creation of a new district and the trial court did not err in so holding. (Kinney v. County Board of School Trustees of La Salle County, supra.)

█ Section 11 of the Administrative Review Act [Ill. Rev. Stats. 1953, ch. 110, § 274; Jones Ill. Stats. Ann. 104.094(11)] provides that the hearing by the court to review any final administrative decision shall extend to all questions of law and fact presented by the record and that the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct. Under the authorities, it is the duty of this court to consider the evidence found in this record and determine whether the decision of the County Board of School Trustees is sustained by the evidence. (Secaur v. Illinois State Civil Service Commission, 408 Ill. 197; Mohler v. Department of Labor, 409 Ill. 79; Wallace v. Annunzio, 411 Ill. 172; School Dist. No. 79 v. County Board of School Trustees of Lake County, 4 Ill.2d 533.)

The record discloses that the territory involved in this proceeding has been in the Hopkins School District for thirty-five years. It consists of two and one-half sections of land in La Salle County and lies between the Village of Tonica in La Salle County and the Village of Granville in Putnam County. The county line between these counties forms the western boundary of the territory in controversy. The brick school buildings, including a recently built gymnasium of the Hopkins School District, are located in the Village of Granville. All of the territory of the Hopkins School District lies in Putnam County except four sections of land in La Salle County and the district covers an area

of fifty-two square miles, and the length of its bus routes to transport pupils is 96.8 miles. While the two and one-half sections of land involved herein are in the Hopkins High School District, they are also in the Tonica Grade School District. The Tonica High School District and the Tonica Grade School District each own its school buses, and the same bus is used to pick up students at their several homes and transport both grade and high school students to their respective schools in Tonica and return them to their several homes. The Hopkins School District does not own any buses but hires them, and in a few instances students walk or ride a bicycle short distances from their homes, never more than one-half mile, in order to meet the school bus. The distance from the territory involved to either Tonica or Granville is substantially the same. One section of the land involved is a little closer to Tonica than Granville, and the other section and half-section lie a little nearer Granville. The roads are equally good. In going through the Village of Tonica, in order to reach the high school, the buses cross the Illinois Central railroad tracks, the crossing being equipped with electric signal lights. In going to the high school at Granville, the buses cross the C. M. & St. P. railroad tracks, which crossing is not equipped with electric signal lights.

The Hopkins School District has an enrollment of 130 pupils, a population of 2,300, and the property in the district has an assessed valuation of $8,951,675. Its schools are recognized by the State Superintendent of Public Instruction, and the standard course of study, including English, history, mathematics, arts, science, vocational agriculture and home economics, is offered the students, who are taught by nine full-time teachers and by one part-time teacher whose salaries aggregate $33,460 per year.

The Tonica School District has an enrollment of 100 pupils, a population of 1,500, and the property of the

district has an assessed valuation of $10,699,537. The assessed valuation of the territory sought to be detached is $383,722, yielding a tax of $1,822.92. The Hopkins High School District has been levying the maximum tax rate for educational purposes and operating with an annual deficit in this fund of approximately $2,500.

From the foregoing facts counsel for appellants argue that the annexation of this additional territory to the Tonica High School District will endanger the recognition status by the Superintendent of Public Instruction of the Hopkins High School District; that it will not be for the best interests of the schools of the area or for the educational welfare of the pupils to detach this territory from the Hopkins High School District and that the only benefit derived therefrom will go to the Tonica High School District, which will receive a windfall of more than $1,800 each year in taxes.

Paragraph 4B-4 of the School Code (Ill. Rev. Stat., chap. 122, par. 4B—4) provides that the County Board of School Trustees, in order to determine whether it is to the best interests of the schools of the area and whether it is to the best interests of the educational welfare of the pupils to grant the prayer of a petition of this character, should consider the financial and educational conditions of the districts involved and the probable effect of the proposed changes, the school needs and conditions of the territory in the area within and adjacent thereto, the ability of both districts to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and also the division of funds and assets which will result from the change of boundaries.

The County Board of School Trustees in the instant case had before it evidence bearing upon the several elements which the School Code provided it should

264

consider, and this Board concluded that it was for the best interests of the schools of the area and for the best interests of the educational welfare of the pupils to detach the two and one-half sections of land involved in this proceeding from the Hopkins District and annex it to the Tonica District. Under the authorities this court is not called upon to substitute its judgment for that of the County Board of School Trustees. Our duty is to read and consider the record in order to ascertain whether there is substantial evidence to support the order of the County Board of School Trustees. If there is, their judgment is conclusive. (Mohler v. Department of Labor, 409 Ill. 79, 85.)

The argument of counsel for appellants is that the detachment of the land involved in this proceeding will result in the Hopkins District being unable to raise, in its educational fund, sufficient revenue by taxes to meet the standards of recognition required by the State Superintendent of Public Instruction and that the pupils remaining in that district will therefore be deprived of adequate school facilities. During the hearing before the County Board of School Trustees, the County Superintendent of Schools of Putnam County, testifying as a witness on behalf of the objectors, in response to this question: "If a tax referendum were had raising the educational tax rate from .50% as it now is, to .71%, would you then state that the (Hopkins) high school district would have sufficient funds to operate in a manner accredited by the Superintendent of Public Instruction?" replied, "Yes, I would say that." The same witness further testified that there was "a strong possibility the (Hopkins) district will not be able to meet recognition standards" if the territory involved is detached and that the school needs of the territory would best be served if no change was made and concluded that it was educationally unsound to detach this territory by giving more territory to a school district that does not need it.

265

In every instance where territory is detached from a school district, that district is hurt in a financial way. The Hopkins High School District is no exception. It will lose $1,800 in taxes, but it does not follow that the educational opportunities of its pupils will be curtailed or lowered. The loss in revenue can be made up by increasing the tax rate as prescribed by the legislature. In Community Consol. School Dist. No. 201 v. County Board of School Trustees of La Salle County, Gen. No. 10862, this court stated in an opinion recently filed that while the loss of property by detachment proceedings would reduce the assessed valuation of the property of the district and would cause an increase of the tax rate, it was certainly not the intention of the legislature to freeze the boundaries of school districts in order to prevent an increase of the tax rate. It was stated in Trustees of Schools v. School Directors Dist. No. 2, 190 Ill. 390, 393, that a court cannot say that it is unreasonable, unjust and oppressive to levy a tax within the limit fixed by the legislature.

While it is true there are no children of high school age residing in the territory effected at the time of this hearing before the County Board of School Trustees, there have been in the past and, in all probability, will be in the future. The parents of children going to grade school residing in this territory desire their children to attend high school in the same town where they attend grade school, and where children of the same family are attending grade school and high school their parents want them to go to the same town and be transported on the same bus and this will be accomplished under the order appealed from.

There is substantial evidence in this record that the best interests of the schools will be subserved by detaching the territory involved herein from Hopkins High School District because that district need not provide bus service for this territory, and the Tonica High School District is benefited because its buses can

transport its high school students at no extra cost because its buses serve this area for grade school students. Pupils in this area will go to the same town when attending the grade school and when attending high school, and students from the same family may go to the same town and ride the same bus.

In School Dist. No. 79 v. County Board of School Trustees of Lake County, 4 Ill.2d 533, at p. 541, it was stated: "We recognize that in all matters concerning a change in school boundaries or annexation to or detachment from territory of an existing school district certain inequities to individual taxpayers will probably arise and disagreement over proposed changes may be present. However, such disagreement cannot be used as a valid argument to overthrow a valid judicial decision of the issues."

The judgment of the Circuit Court of La Salle County affirming the decision of the County Board of School Trustees must be affirmed.

Judgment affirmed.

EOVALDI and CROW, JJ., concur.