**Benjamin John Lesniak, Appellant, v. Department of Registration and Education of the State of Illinois, Administration Agency, Vera M. Binks, Director of Said Department, G. Nyle Huffman, Horace V. Clark, Harlan A. Williamson, Oliver V. Melvin and John P. Kringas, Members of the Funeral Directing and Embalming Committee Thereof and also F. B. Selecke, Superintendent of Registration of Said Department, Appellees.**

**Gen. No. 47,739.**

First District, First Division.

February 1, 1960.

Released for publication February 24, 1960.

Edward W. Sowin, of Chicago, for appellant.

Grenville Beardsley, Attorney General of the State of Illinois (William C. Wines and Theodore G. Maheras, Assistant Attorneys General, of counsel) for appellees.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal from an order of the Superior Court, in an administrative review proceeding, affirming a decision of the Department of Registration and Education.

The department had issued a funeral director's certificate to the plaintiff in 1954. This was revoked in 1956, after a hearing before the department's Funeral Directing and Embalming Committee, upon the finding that Lesniak had falsely sworn in his 1954 application that he was an Illinois citizen and a permanent resident of Chicago.

Lesniak had conducted a funeral home in Indiana for several years. The evidence revealed that at the time he filed his Illinois application he was purchasing another such establishment in Illinois, about four miles away from his Indiana place of business. His wife and children continued to live in Indiana and, he said, his wife was to operate that business. He voted in Indiana in 1954, prior to his Illinois application, and voted there again in 1955 subsequent to receiving his certificate. His automobile was registered in Indiana and his 1956 application for an Indiana auto license stated he was a resident of that state. Lesniak's testimony, in the main, consisted of a twofold defense: an explanation of the evidence against him, such as his reason for voting in Indiana, and assertions that it was his intention, at the time he made his application for the license, to become a citizen of this state.

██ ██ In a case of this kind a reviewing court must determine whether the finding is against the manifest weight of the evidence. Nolting v. Civil Service Commission of Chicago, 7 Ill.App.2d 147, 129 N.E.2d 236; Logan v. Civil Service Commission, 3 Ill.2d 81, 119 N.E.2d 754. From the facts related, it is readily apparent that the committee's finding was supported by substantial evidence and the order of the court sustaining the department was correct.

The plaintiff's brief raises an additional issue not disclosed by the record to have been presented to the trial court. The plaintiff's attorney did not appear for the oral argument; the defendant's attorney, who was present, had not represented the defendant before the trial court, therefore we were unable to learn from them if the issue had been properly raised. Because of our uncertainty we will consider the point.

The plaintiff's certificate was obtained under the provisions of the statute concerning funeral directors who are licensed in another state. He contends the

155

statute contained no requirement of Illinois residence and therefore the questions on this subject were immaterial and his answers inconsequential.

■ While the statute upon which the plaintiff relies, § 73.9, ch. 111½, Ill. Rev. Stat. 1953, said nothing about an applicant being a citizen of or having a permanent residence in Illinois, it did say: "An applicant who is a funeral director registered or licensed under the laws of another state . . . may be granted a certificate . . . by the Department, in its discretion, without examination . . ." This section makes it clear that it is not mandatory that a license be issued to every applicant who meets the conditions enumerated.

Before it would exercise its discretion and waive an examination the department required an applicant to fill out a form which asked for information on many subjects. Several of these subjects pertained to qualifications not mentioned in § 73.9. Apparently the department proceeded under the concept that an applicant under this section had to have the same basic qualifications as those required of an applicant for a funeral director under § 73.4, ch. 111½, Ill. Rev. Stat. 1953. These were that he be 21 years of age, a citizen of Illinois, of good moral character, of temperate habits, a registered embalmer licensed by the department and that he pass an examination to determine his fitness.

The department interpreted the two sections as differing mainly in the need for taking an examination. Whether this was the correct interpretation is not important under the facts of this case. It might be otherwise if the plaintiff were suing to compel the issuance of a license improperly withheld from him because of the exaction of standards in excess of statutory requirements, or if a license were refused him because of an arbitrary abuse of discretion. What is

important here is the effect of the information, given in an application under § 73.9, upon the exercise of the department's discretion in issuing a certificate without an examination.

The department predicated the revocation of Lesniak's certificate upon § 73.10 and 10(a) of ch. 111½, Ill. Rev. Stat. 1953. These are as follows:

"Sec. 10. The Department may either refuse to issue . . . or may revoke any certificate of registration for anyone . . . of the following causes: (a) The obtaining of . . . a certificate of registration by fraudulent misrepresentation."

The conclusion reached in its decision was that Lesniak had "knowingly falsely stated himself to be" a resident of Chicago and a citizen of Illinois, "in order to procure his license . . . and the same was obtained by him by fraudulent misrepresentations. . . ."

It is manifest from this decision that Lesniak's false answers did influence the department and that a certificate would not have been granted him if he had truthfully answered that his permanent address was in Indiana and that he was a citizen of that state.

Judgment affirmed.

Affirmed.

SCHWARTZ and McCORMICK, JJ., concur.