Board of Education of Hiawatha Community School District No. 426, DeKalb, Boone, Ogle, and Winnebago Counties, Illinois, Harold Flanigan and Roger Hein, Plaintiffs-Appellants, v. The County Board of School Trustees of DeKalb County, Illinois, et al., Defendants-Appellees.

Gen. No. 11,368.

Second District, First Division.

April 26, 1960.

Harold A. Rissman, of DeKalb, and Harold Norman, Norman, Engelhardt, and Zimmerman, of Chicago, for appellants.

Large, Reno, Zahm, and Folgate, Peter C. Kostantacos, and John B. Anderson, State's Attorney, all of Rockford, for appellees.

PRESIDING JUSTICE McNEAL delivered the opinion of the court.

This is a proceeding to detach certain land from Community Unit School District No. 426 and annex the land to Elementary District No. 112 and Community High School District No. 211. The county board of school trustees of Winnebago County and the county board of school trustees of DeKalb County found that it was to the best interests of the schools of the area and the educational welfare of the pupils that the change be made. The cause was taken before the Circuit Court of DeKalb County under the Administrative Review Act. The court entered a judgment affirming the orders entered by the two county boards of school trustees, and this appeal followed.

 The question on this appeal is whether the judgment below is contrary to the manifest weight of the evidence. It is immaterial whether we agree or disagree with the finding below. It is not sufficient for appellants to show that the finding below was wrong, or contrary to the weight of the evidence, but before

this Court has the right to interfere, it must be shown that the result below was manifestly and obviously wrong, i. e., that an opposite conclusion is clearly evident.

With these general principles in mind we have examined the record in this case, which consists of four volumes of testimony and exhibits. Counsel for the parties have made a thorough presentation of the factors which have a bearing on the question of whether it is to the best interests of the schools and pupils that the change be made. Included in the evidence are photographs of the schools involved, maps showing the distances involved, exhibits showing the courses offered by the various schools, evidence concerning the qualifications of the teachers, the size of the enrollments, the assessed valuations of the districts, the tax rates, together with the testimony of more than a score of witnesses.

Evidence offered on behalf of the appellees indicates that if the change is allowed, the pupils in the area in question will be able to obtain a wider range of courses by attending the Rockford junior high and high schools. Likewise, there would appear to be greater physical facilities available to the pupils at the junior and high school levels. The disconnection from Unit 426, according to a report of the DeKalb county superintendent of schools, will not affect that district's ability to meet recognition standards. Most of the pupils reside in the northern portion of the area in question, and the change will reduce the distance necessary for them to travel to the various schools. The roads to the Rockford schools are better roads. The area in question is a part of the expanding Rockford community and the change will permit the pupils to go to Rockford schools. The change is desired by a majority of the persons in the area affected.

Appellants offered evidence that the pupils in the area affected who are in the lower grades may not have educational and physical facilities equal to those which they had prior to the change, that transportation will have to be provided for said children, that High School District 211 has no high school building of its own and must pay tuition to the Rockford high schools, that the Rockford high schools offer no agricultural courses and are overcrowded, and that Unit District No. 426 will lose a certain amount of income.

██ Both the appellants and appellees have presented substantial evidence and advanced a number of valid points supporting their respective positions. However, from our study of the record we cannot say that the boards of schools trustees of Winnebago and DeKalb counties were wrong in ordering the change, and we certainly cannot say that they were manifestly and obviously wrong. Our legislature entrusted the decision in such cases as this to the school trustees, and the courts have no right to interfere except in cases of manifest error.

The school trustees are in a better position than are the courts to determine the problems which arise in such cases as the one at bar. The courts will interfere and substitute their judgment for that of the trustees only where the finding of the trustees is against the manifest weight of the evidence. School Dist. No. 79 v. County Board of School Trustees, 4 Ill.2d 533, 541; Community Unit School Dist. No. 6 of Macon and Christian Counties v. County Board of School Trustees of Sangamon County, 9 Ill.App.2d 116; Community Consol. School Dist. No. 201 of La Salle County v. County Board of School Trustees of La Salle County, 7 Ill.App.2d 98; and Stehl v. County Board of School Trustees, of La Salle County, 7 Ill.App.2d 257.

██ We are aware that changes in school districts should not depend upon the personal whims of the

393

persons involved (See Oakdale School Dist. No. 1 v. Trustees, 12 Ill.2d 190; and Trico Community Unit School Dist. No. 176 v. County Board of School Trustees, 8 Ill.App.2d 494), but there was substantial evidence in this case that the educational and physical facilities available to the pupils, particularly in the higher grades, will be improved by the change. It is true that there was a dispute in the evidence on these points, but nevertheless there is substantial evidence in the record supporting the finding below. Further, there is no evidence that the change will be a serious detriment to appellant district, and we cannot say that the finding of the boards of school trustees was contrary to the manifest weight of the evidence.

Finally it is urged that the change will violate the rule requiring the districts to be "compact" and "contiguous." Our study of the maps and other evidence indicates that there is no violation of the rule laid down in People ex rel. Warren v. Drummet, 415 Ill. 411, 419, wherein the Supreme Court quoted the following language with approval:

"The territory of a school district is compact and contiguous when it is so closely united and so nearly adjacent to the school building that all the students residing in the district, their ages considered, may conveniently travel from their homes to the school building and return the same day in a reasonable time and with a reasonable degree of comfort. . . . The territory need not be rectangular or square to be contiguous and compact."

We conclude that the judgment entered by the Circuit Court of DeKalb County should be and it hereby is affirmed.

Judgment affirmed.

DOVE and SPIVEY, JJ., concur.