Board of Education of Libertyville-Fremont Consolidated High School District Number 120 of Lake County, Illinois, Plaintiff-Appellant, v. County Board of School Trustees of Lake County, Illinois, et al., Defendants-Appellees.

Gen. No. 11,516.

Second District, First Division.

August 25, 1961.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellant.

Hall, Meyer, VanDeusen, Holmberg & Snook, all of Waukegan, for appellee.

McNEAL, J.

The Board of Education of Libertyville-Fremont Consolidated High School District No. 120 brought this action under the Administrative Review Act to review an order of the County Board of School Trustees of Lake County detaching two and five-eighths sections of land from the plaintiff district and annexing the area to Grayslake Community High School

District No. 127. The Circuit Court of Lake County affirmed the order of the County Board of School Trustees, and the Board of Education appealed.

The proceeding before the County Board of School Trustees was initiated by a petition which recited that it was signed by two-thirds of the legal voters in the area affected. The Board of School Trustees conducted a hearing as prescribed by section 4B–4 of The School Code, and heard evidence presented by petitioners and respondents. On behalf of petitioners the evidence tended to show that sixty-five of the eighty-eight legal voters residing in the territory signed the petition; that there are ten children of high school age in the area, three go to Grayslake on a tuition basis, two are pupils at parochial school, and five attend school at Libertyville; that all but two of the families of these children signed the petition; that petitioners owned ninety per cent of the land involved; that the territory is part of the Grayslake community for shopping, church and other purposes; that the area is about three miles from Grayslake school and ten miles from the Libertyville school; that the distance to Libertyville interferes with the sport and other extra-curricular activities of the students; that Grayslake buses are already operating in the area; that the area is in the Grayslake grammer school district; and that annexation of the territory to Grayslake high school district will provide the children with better continuity in their education.

The respondents produced evidence that the change will result in no significant financial gain or loss to Libertyville; that Libertyville is furnishing bus service to the area; that permitting a disconnection will upset long range educational planning; that Libertyville's assessed valuation is increasing so as to provide better educational facilities; that a new high school is under construction which will increase facilities;

3

that the existing high school has ten teaching departments; that the student-teacher ratio is twenty-one to one; that there are ten coaches for eight different sports; that there is a separate program for freshmen and also one for talented students. Further evidence was produced that the location of a new high school to be erected at Mundelein will cut down the travel distance from the area in question to six miles; that the new high school will have a language laboratory, an auditorium for dramatics, and separate biology, chemistry and physics laboratories. The campus of the new high school will consist of 40 acres. Further evidence indicated that Libertyville will have three full time guidance counselors, and that 59% of its graduates go on to college.

The record also contains a report of the county superintendent of schools showing that the financial conditions of both districts are good and that the educational facilities of both schools are recognized and accredited.

Based upon the foregoing, the Board of School Trustees found that the petition was signed by two-thirds of the legal voters in the area affected and that it is for the best interests of the schools and of the pupils that the petition for detachment be allowed, and entered an order allowing the detachment.

When the cause came on for review before the circuit court, an effort was made to show that a number of the persons who signed the petition were not registered voters. However, the circuit court observed in an able memorandum opinion, that even assuming that a number of persons signing the petition were not registered, yet that fact alone did not demonstrate that the petition was not signed by the requisite number of legal voters. The circuit court also reviewed the evidence on the question of whether or not the petition should be allowed and concluded that the

4

board of school trustees had decided the question in accordance with the best interests of the schools of the area and the educational welfare of the pupils. The circuit court found that the order of the board of school trustees was not against the manifest weight of the evidence and entered judgment affirming the order of said board.

On this appeal it is urged that the petition was not signed by the requisite number of legal voters and that the order of the board of school trustees is against the manifest weight of the evidence.

██ As to the first contention, the petition filed before the board specifically recited that it was signed by two-thirds of the legal voters of the area in question. Sworn testimony was presented before the board in support of this recital. No objection was made to the petition, and no evidence was offered to the effect that the petition was not signed by two-thirds of the legal voters. The board of trustees in its order allowing the petition, expressly found that said petition was signed by two-thirds of the legal voters residing in the area. Appellants here are relying entirely upon certain evidence presented to the circuit court to the effect that some of the signers were not registered to vote. However, section 11 of the Administrative Review Act [Ill Rev Stats 1959, c 110, § 275] expressly provides that review of administrative decisions shall be upon the record and that no new or additional evidence shall be heard by the court. This provision has been before the Illinois Supreme Court a number of times and that Court has consistently held that the statute precludes the presentation of evidence to the court which is reviewing the administrative decision. Strohl v. Macon County Zoning Board of Appeals, 411 Ill 559, 104 NE2d 612; Rock Island Metal Foundry, Inc. v. City of Rock Island, 414 Ill 436, 111 NE2d 499; Pipe Trades, Inc. v. Rauch, 2

5

Ill2d 278, 291, 118 NE2d 319. Such being the state of the record, appellant's first contention cannot be sustained.

 As to the contention that the judgment below is contrary to the manifest weight of the evidence, this question has arisen innumerable times in courts of review and the rule governing consideration of this question has been stated in many different ways. A court of review cannot substitute its judgment for the judgment of the administrative tribunal. The question is not simply whether the court of review agrees or disagrees with the finding below. It has been said that courts should not disturb administrative findings unless such findings are arbitrary, or constitute an abuse of discretion, or are without substantial foundation in the evidence, or are obviously and clearly wrong, or unless an opposite conclusion is clearly evident. These rules have been applied in many cases similar to the instant case. School Dist. No. 79 v. County Board of School Trustees, 4 Ill2d 533, 541, 123 NE2d 475; Community Unit School Dist. No. 6 v. County Board of School Trustees, 9 Ill App2d 116, 129, 132 NE2d 584; Community Consol. School Dist. No. 201 v. County Board of School Trustees, 7 Ill App 2d 98, 103, 129 NE2d 43; Stehl v. County Board of School Trustees, 7 Ill App2d 257, 265, 129 NE2d 297; Board of Education of Hiawatha Community School Dist. No. 426 v. County Board of School Trustees, 25 Ill App2d 390, 166 NE2d 472. While it is true that there is substantial evidence in the record to support the position of appellants, yet there is likewise substantial evidence in the record to support the order of the county board of school trustees. We cannot say that the order of the board, which has been entrusted by the legislature to decide the question here involved in the first instance, was clearly and obviously wrong or contrary to the manifest weight of the evidence.

6

It is our conclusion that the judgment entered by the Circuit Court of Lake County was correct and its judgment should be and it hereby is affirmed.

Judgment affirmed.

SMITH, P. J. and DOVE, J., concur.