Board of Education of McLeansboro Township High School District No. 58 of the Counties of Hamilton and Franklin of the State of Illinois, Plaintiff-Appellant, v. County Board of School Trustees of Hamilton County, Illinois, County Board of School Trustees of Franklin County, Illinois, Stanley Smith, et al., Defendants-Appellees.

Gen. No. 63–O–7.

Fourth District.

November 25, 1963.

John D. Daily, of McLeansboro, for appellant.

Frank Bonan, of McLeansboro, for appellees.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of Hamilton County, Illinois, entering a final judgment affirming the orders of the two County Boards of School Trustees, directing the detachment of certain territory from McLeansboro Township High School District No. 58 and annexing said territory to the Thompsonville Community High School District No. 112. The action was instituted by the plaintiff, Board of Education of McLeansboro Township High School District No. 58 of the Counties of Hamilton and Franklin to review the decisions of the County

Boards of School Trustees of the two counties ordering detachment of territory consisting of two farms totaling 320 acres, from the plaintiff's school district and annexing it to the Thompsonville School District.

The theory of plaintiff on appeal in this Court is that the Defendants did not comply with the provisions of the School Code in regard to the evidence to be considered on a petition for detachment of territory; that there was no substantial evidence in the record to justify the orders of the School Trustees directing the detachment; and that the orders were contrary to the manifest weight of the evidence. The County Boards of School Trustees have broad powers to create new school districts, and to change boundaries of existing districts by detachment, or in other ways (1961 Ill Rev Stats, c 122, § 7-6). It is also specifically provided that findings and conclusions of such administrative agency on questions of facts are held to be prima facie correct (1961 Ill Rev Stats, c 110, § 274). Among other facts developed in the hearing was a circumstance that the children who would be effected by the detachment would be required to travel 22 miles to go to school in the plaintiff's district as against 6 miles to attend school in the Thompsonville District, and that the road to the plaintiff's district is impassable a part of the year; that busses to the Thompsonville District travel in the area and pick up children for school; and that the busses from the plaintiff District would be required to travel many more miles per year to serve the territory, and at times during winter, the bus from the plaintiff's District could not even travel the road to pick up children in the detached territory.

The County Board of School Trustees in the present hearing, saw the witnesses, were familiar with the local problems, and were in the best possible position

293

to understand local conditions (School Directors of Dist. 82 v. County Board, 15 Ill App2d 115, 145 NE2d 285). Granting the petition on the basis of the evidence which was presented in this hearing for detachment was not against the manifest weight of the evidence (Stehl v. County Board of School Trustees, 7 Ill App2d 257, 129 NE2d 297), and no single fact is controlling in connection with the decision of the Board (Kinney v. County Board of School Trustees, 7 Ill App 2d 286, 129 NE2d 292). The cases indicate that it was not the intention of the Legislature to freeze boundaries of school districts in order to prevent an increase in tax rate, and that where detachment is determined, there must necessarily be some financial loss to the school district (not all of the property owned by the persons seeking detachment was included in the detachment petition). Loss of revenue cannot be the basis for denying detachment (Community Unit School District v. County Board, 9 Ill App2d 116, 132 NE2d 584).

Illinois Courts have determined that annexation of territory to a school district because the district is closer to the inhabitants seeking annexation and with better transportation, where both districts maintain good education standards and neither district was in financial trouble, was proper (Board of Education v. County Board of School Trustees, 32 Ill App2d 1, 176 NE2d 633). The determination of the County Boards of School Trustees on the record before us was within the power and authority of such boards and should be affirmed. The judgment of the Circuit Court of Hamilton County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN and HOFFMAN, JJ., concur.