John Sander, Inc., Plaintiff-Appellant, v. Robert R. Donnelly, Director of Labor of the State of Illinois, Defendant-Appellee.

Gen. No. 49,544.

First District, Third Division.

October 8, 1964.

Phillip S. Makin, of Chicago (John C. Gekas, of counsel), for appellant.

William G. Clark, Attorney General of the State of Illinois, of Chicago (William C. Wines, Raymond S. Sarnow and A. Zola Groves, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court affirming the decision of the Director of Labor of the State of Illinois, that the appellant, John Sander, Inc., fell within certain liability provisions of the Unemployment Compensation Act. The principal issue is whether the court erred in upholding the determination of the Director that the appellant carried on its business as a corporation rather than as a partnership, and that three persons who worked for

the appellant were not partners but were employees of the corporation.

John Sander, Inc., an Illinois corporation, is engaged in the wholesale meat business. Originally it was a family business owned and operated by John Sander. In 1924 the concern was incorporated by the founder's son, Ernest J. Sander, in order to continue the business in his father's name and to retain customer good will. Ernest Sander was the president and sole stockholder of the company and was in complete charge of its operations. In 1957, Sander, who wanted to retire from active participation in the business, made an oral agreement with two employees, Frank M. Casper, Jr., and Kurt Juettner, whereby they were to operate the business together. Casper and Juettner were to devote their full time to the operation and management of the company and each was to receive base pay of $100 per week and a one-third share in the net profits at the end of each fiscal year. Ernest Sander was to continue as president and was to receive the same base pay and the remaining one-third share in all business profits. This agreement was reduced to writing in January of 1958; the parties to the agreement were John Sander, Inc., party of the first part, and Casper and Juettner, parties of the second part. Ernest Sander was not a party to the agreement, although in one place the agreement stated that it "may be revocable in the event of the death of first party by his Executor or the Trustee under his will. . . ."

In 1957, Sander devoted his time to the business; among other things he trained Casper, who was at the time a minor without experience, in the wholesale meat field. Subsequently, Sander left the business in the hands of Casper and Juettner but returned occasionally to check on them and on the condition of the company. From 1957 until May, 1960,

174

Casper and Juettner devoted their entire efforts to running John Sander, Inc. In May of 1960 they quit the company after giving a week's notice of their intention to do so. Neither man was paid anything upon the dissolution of the agreement and neither received any share in the business.

During the period 1957 through 1960, John Sander, Inc., filed corporate income tax returns, signed by Ernest Sander, which listed John Sander, Inc., as taxpayer, Ernest Sander as president-treasurer, Casper as vice-president and Juettner as a director. The returns stated the compensation paid to each officer. During the same period and for the first quarter of 1960 social security returns were also filed by the same taxpayer. The returns listed Sander, Casper and Juettner among the firm's employees and gave the amount of wages paid them.

In 1961, the Director of Labor sent to John Sander, Inc., notice of assessment against it of $2,321.71, alleged to be due as the corporation's contribution under the Unemployment Compensation Act, Ill Rev Stats 1961, c 48. The Act provides that any "Employing Unit" employing more than four persons is required to make such a contribution. John Sander, Inc., served notice that it protested the assessment and requested a hearing.

At the hearing the parties stipulated that if Sander, Casper and Juettner were employees of John Sander, Inc., then the company did have four or more individuals in its employment and it was liable for the assessment made against it; that if, on the other hand, they were not employees, the company was not liable within the meaning of the statute.

■ Ernest Sander, who was the only witness at the hearing, testified that the business had never been conducted as a corporate entity and that from 1957 on it had operated as a partnership between

himself, Casper and Juettner, and that the profits had been divided equally among the three of them. He stated that the corporate income tax returns filed by him were based on an internal revenue instruction for the preparation of such returns which provided that a partnership was entitled to be taxed as a domestic corporation if it so elected, and that he had withheld income taxes on the compensation paid to Casper and Juettner only at their request. He stated that he was neither an attorney nor an accountant and that listing the compensation paid to the officers of the corporation in the income tax returns and listing them as employees in the social security returns were technical errors.

The Unemployment Compensation Act provides:

> "At any hearing held as herein provided, the determination and assessment that has been made by the Director shall be prima facie correct and the burden shall be upon the protesting employing unit or person to prove that it is incorrect." Ill Rev Stats 1961, c 48, § 680.

The Act further provides:

> "At any hearing . . . and in all judicial proceedings involving the review . . . of any decision, order, ruling, determination and assessment, statement of benefit wages, or rate determination made by the Director, the finding or decision . . . of the Director, sought to be reviewed, shall be prima facie correct, and the burden shall be upon the person seeking such review to establish the contrary." Chapter 48, section 703.

Findings of the Director of Labor on questions of fact will not be disturbed by a reviewing court unless they are against the manifest weight of the evidence and are not supported by evidence in the record.

Buchholz v. Cummins, 6 Ill2d 382, 128 NE2d 900; Robert S. Abbot Pub. Co. v. Annunzio, 414 Ill 559, 112 NE2d 101; Local No. 658, Boot & Shoe Workers Union v. Brown Shoe Co., 403 Ill 484, 87 NE2d 625. ██ ██ The policy governing review of administrative decisions in general is controlled by the Administrative Review Act. It provides: "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." Ill Rev Stats 1963, c 110, § 274. The determinations of an administrative agency will not be interfered with by a court of review unless the decision is against the manifest weight of the evidence. River Forest State Bank & Trust Co. v. Zoning Board of Appeals of Maywood, 34 Ill App2d 412, 181 NE 2d 1; Lesniak v. Department of Registration & Education of State, 24 Ill App2d 153, 164 NE2d 256.

██ There was evidence supporting the theory that Sander, Casper and Juettner were working for themselves under a partnership arrangement and there was evidence supporting the theory that they were working for the corporation. The partnership theory was supported by the testimony of Sander, by the fact that he had been the sole owner of the business and considered Casper and Juettner his partners and by the oral and written agreements made with them which called for a sharing of the profits between the parties. This latter feature, the sharing of the profits of the enterprise was (in the absence of countervailing evidence that such profits were received in the payment of wages) prima facie evidence of the existence of the partnership. Ill Rev Stats 1961, c 106½, § 7(4)(b). However, the evidence of a partnership was rebutted by contrary evidence. The employment theory was supported by various facts in evidence: the corporation was a party to the agreement; its income and social security tax re-

177

turns indicated that it was functioning as a corporation with salaried officers; the agreement said nothing about Casper and Juettner sharing in the losses of the business, in fact they left it because it was losing money; they were not co-owners of the business and did not regard themselves as such; they were subject to discharge for mismanagement; there was no distribution of partnership assets upon its dissolution; and upon their leaving the corporation functioned as before, others took their places and the corporation continued to file the same type of tax returns, listing the new personnel and the remuneration paid to them as employees.

The Director of Labor was called upon to interpret the evidence as well as to weigh it. This he did and came to a reasonable conclusion which was supported by substantial evidence. His finding that John Sander, Inc., was operating as a corporation and not as a partnership and that the so-called partnership agreement was in reality an employment contract between the corporation and Casper and Juettner, was not against the manifest weight of the evidence. Under such circumstances this court will not interfere with his determination.

The judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.