John M. Nagle, Plaintiff-Appellee, v. Civil Service Commission, State of Illinois, and Department of Labor, State of Illinois, Defendants-Appellants.

Gen. No. 53,307.

First District, Third Division.

May 7, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Bruce J. Finne, Assistant Attorneys General, of counsel), for appellants.

L. H. Vogel, Vogel & Vogel, of Chicago (David F. Holland, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

This is an appeal by defendants Civil Service Commission of the State of Illinois and the State Department of Labor from a judgment of the Circuit Court reversing a decision of the Commission. Plaintiff, John M. Nagle, brought the action against defendants for administrative review of the Commission's decision discharging him from his position as a hearing officer for the Department of Labor. Defendants appeal the reversal, contending that there was substantial evidence to support the decision to discharge plaintiff for failure to report for hearings that he was scheduled to conduct. Plaintiff was also charged with excessive absenteeism and failure to give proper notice of those absences, but the Commission dismissed those charges.

On October 17, 1962, plaintiff, an attorney, commenced work in the Appeal Section of the Unemployment Compensation Division, Bureau of Employment Security, Department of Labor, State of Illinois. On January 1, 1965, plaintiff was transferred to the Rules and Regulations Section of the same division. After a period of training he was assigned as a hearings referee in that section, which conducted hearings concerning claim disputes under the Illinois Unemployment Compensation Act. Plaintiff's duties consisted of holding such hearings and writing opinions thereafter. All hearings referees were assigned to the Chicago office, but conducted hearings in other parts of the State two or three times a year.

Plaintiff scheduled sixteen such hearings to be held in Peoria during the week of May 2 through May 6. The Department of Labor's office used in Peoria for the hear-

ings was not part of the Rules and Regulations Section, but space was made available by another section for the scheduled hearings. Plaintiff had the responsibility to select the cases, arrange to have notices sent out to the participants and also to forward a written schedule and itinerary of the hearings to the receptionist in the Peoria office. Additionally, plaintiff on April 10 made hotel reservations for his stay in Peoria. Plaintiff was not required to report to anyone in Peoria, and was not under the supervision of anyone in Peoria.

Plaintiff was scheduled to leave for Peoria on Monday May 2. He testified that he was ill during the preceding weekend, but believed that he could still make the trip. On Monday morning at 7:00 a. m., he left his home with some luggage and checked it at the railroad station. The train for Peoria was scheduled to leave at 9:00 a. m. He went to his office and picked up a tape recorder, an audiograph and a briefcase containing records and statutes, and returned to the railroad station. He testified that he planned to return to the office to pick up the necessary files, but became ill at the station. When he realized that he could not complete the trip, he made a long-distance call to the office in Peoria to say that he would be unable to conduct the hearings on that day. He talked to the Employment Service manager in Peoria. Plaintiff also called the Peoria hotel in order to cancel his reservation for that day. Plaintiff testified that he remained ill throughout the week, and called Peoria again on Tuesday to say that he would be unable to conduct the hearings. This time he talked to a clerk-typist who was acting as a switchboard operator. When plaintiff called Peoria again on May 4, he was informed by a woman in the auditor's section that the hearings had been cancelled for the week. Plaintiff's supervisor learned on Thursday that plaintiff had made these long-distance calls to Peoria during the week. Plaintiff did not call his supervisor during his illness, but reported

188

back to work on Thursday and was asked to resign. There were no regulations or directives in the section which established methods for postponements or continuances of hearings.

Plaintiff's supervisor testified that on Monday morning May 2, he was informed by one of the office clerical personnel that plaintiff did not leave the office until after 9:00 a. m., the time at which the train for Peoria departed. He went to plaintiff's office and noticed that although the audiograph was gone, the case files were still there. Later that morning he called a supervisor of another section in Peoria, an old friend, and as a result of their conversation, the hearings to be conducted by plaintiff were cancelled. It would take another hearings referee at least a half day studying each file in order to familiarize himself sufficiently to conduct the hearings in place of plaintiff.

Two lady employees of the Department of Labor testified that plaintiff left the office on May 2 after 9:00 a. m., and that he did not tell either of them that he was ill.

The hearings officer for the Civil Service Commission found that plaintiff had a duty to notify his supervisor or his office that he would not appear for the scheduled hearings. The hearings officer further found that plaintiff's direct notification to the Peoria office did not alleviate that duty, that his failure to notify his supervisor constituted nonfeasance of a basic duty and that therefore he was guilty of failure to report for scheduled hearings, and should be discharged. The Commission adopted these findings and discharged plaintiff.

▆▆▆ Findings of fact by an administrative agency are to be considered as prima facie true and correct. Administrative Review Act, Ill Rev Stats 1969, c 110, § 274. And these findings will not be disturbed unless they are against the manifest weight of evidence. John Sander, Inc. v. Donnelly, 53 Ill App2d 172, 203 NE2d 20

(1964). We recognize also that a court cannot substitute its judgment for that of the administrative agency, and will not overturn administrative findings unless they are without substantial foundation in the record. Schwarze v. Board of Fire and Police Com'rs, 46 Ill App 2d 64, 196 NE2d 724 (1964) ; Board of Education v. County Board of School Trustees, 32 Ill App2d 1, 176 NE 2d 633 (1961). However, the issue on this appeal is whether there is sufficient evidence in the record to support the Commission's findings that, in failing to notify his supervisor, plaintiff failed to properly report for hearings which he was scheduled to conduct. We believe that the trial court was correct in holding that the evidence failed to support the findings of the Commission.

While defendants argue in this court that the testimony of the two coemployees that plaintiff left the Chicago office after 9:00 a. m. without mentioning that he was ill, plus other evidence presented to the Commission, impeached his testimony of illness, that argument is not supported by the holdings of the Commission. The Commission made no finding as to whether plaintiff, in fact, was ill. The Commission found only that plaintiff's violation consisted of failure to notify his supervisor of his inability to conduct the hearings, and in that failure he breached a duty. Accordingly, the testimony concerning plaintiff's illness becomes irrelevant to the question of notice to the supervisor, the only issue on this appeal.

It is undisputed that plaintiff did not notify his supervisor of his illness until Thursday, May 5. However, we find that in announcing that plaintiff breached a duty by not informing his supervisor of his office of his illness, the Commission was imposing a duty which was nonexistent. There were no directives or regulations in the Department which established methods for post-

ponements or cancellations of the hearings. Plaintiff, an attorney, was charged with the responsibility of selecting the cases to be heard and the dates and times of those hearings. It was plaintiff who gave notice of the hearings to the parties involved and who forwarded a copy of the hearings schedule to the office in Peoria. Plaintiff made his own hotel reservations and his own travel arrangements. The evidence disclosed that on such short notice, no other referee would have been able to conduct the hearings. Therefore, absent any previous regulations or instructions to the contrary, it was proper that plaintiff personally would arrange to have the hearings cancelled. Moreover the propriety of plaintiff's conduct was demonstrated by the fact that his supervisor adopted the same method when he called a friend in Peoria employed in another section to cancel the hearings. We find no merit in defendants' contention that plaintiff could discharge his responsibility properly only by contacting his own agency or supervisor. The trial judge properly held that the findings of the Commission had no substantial foundation in the evidence.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.