Aarco American, Inc., *et al.*, Plaintiffs-Appellants, *v.* James Baylor, Director of Insurance, *et al.*, Defendants-Appellees.

(No. 56622;

First District (4th Division)—February 13, 1974.

C. Gus Kages, of Steinberg, Burtker & Kages, of Chicago (Joseph B. Lederleitner, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Warren K. Smoot and Donald S. Carnow, Assistant Attorneys General, of counsel), for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The Illinois Director of Insurance filed charges of fraud, dishonesty and wilful violation of the Insurance Code to determine if grounds exist for revoking the licenses of Aarco American, Inc., Fairway Acceptance Corporation and Raymond M. Lavelle.

Aarco was charged with false advertising regarding its powers to represent its customers with insurance carriers; misleading advertising with respect to the accumulation of cash values in whole life insurance

policies it sold; with illegally assessing service charges for late payments against its customers; with illegally placing cancellation assessments against its customers; with the placement of double finance charges against certain of its customers; with keeping inadequate books and records; with misappropriation of its customers' funds; with refusing to make refunds to its customers; with violating an agreed Cease and Desist Order; and showing untrustworthiness and incompetency to transact business as insurance agents, brokers or solicitors in a manner to safeguard the public. Fairway was charged that it illegally assessed load and service charges against its customers in violation of article 13 of the Code and violations of an agreed Cease and Desist Order entered into in 1968 regarding the same prohibited activities; illegally adding motor club charges to its customers' invoices; falsifying the signatures of its customers on premium finance agreement; and failing to submit the premium finance agreements to its customers. The same charges were placed against Raymond M. Lavelle to the extent that he served as an official of both Aarco and Fairway.

After a hearing, the Director of Insurance adopted the recommendations of the hearing officer, finding plaintiffs to be culpable and imposed a fine. The Circuit Court of Cook County affirmed the following order of the Director:

"The undersigned, James Baylor, Director of Insurance of the State of Illinois, hereby certifies that he has read the recommendations of the Hearing Officer, H. Edwin Hilton, heretofore appointed and designated, pursuant to Sections 402 and 502 of the Insurance Code of Illinois to conduct a hearing to determine whether the Director of Insurance will revoke and cancel all licenses for insurance which have been issued to the Respondents and whether a fine shall be levied against the Respondents.

The undersigned Director, having been fully advised in the premises, does hereby ratify, approve and confirm all actions and recommendations set forth in the report made by the Hearing Officer dated April 24, 1970, which is attached and made a part hereof.

The undersigned adopts said Report as his findings and reasons for entering the following order pursuant to the authority given him by Sections of the Illinois Insurance Code as stated above.

It is, therefore, ordered:

1. That Aarco American, Inc., be fined $1,000.

2. That Fairway Acceptance Corporation be fined $1,000.

3. That the cost of this action for stenographic transcripts be

assessed to Mr. Raymond M. Lavelle in the amount of $661.10.

4. That an affidavit continuing the former affidavit of 1968 be prepared and signed by the Respondents."

■■ Under the Administrative Review Act, the findings of the administrative agency on questions of fact are prima facie correct. They may be reviewed to determine if they are supported by the evidence, but they can be set aside only if against the manifest weight of the evidence. *Fenyes v. State Emloyees' Retirement System*, 17 Ill.2d 106, 111, 160 N.E.2d 810, 813.

■■ The phrase "manifest weight of the evidence" came up for consideration many times in courts of review. A court of review cannot substitute its judgment for the judgment of an administrative tribunal. It should not disturb administrative findings unless such findings are arbitrary or constitute an abuse of discretion, or are without substantial foundation in evidence, or are obviously or clearly wrong, or unless an opposite conclusion is clearly evident. *Board of Education of Libertyville-Fremont Consolidated High School District v. County Board of School Trustees*, 32 Ill.App.2d 1, 6, 176 N.E.2d 633, 635.

■■ Plaintiffs admit that they did violate many of the statutory provisions relating to the regulation of insurance companies and their agents. However, they claim that these violations were discontinued or were caused by mistakes or human errors. We agree with the Director that generally an honest mistake of fact will shield one from criminal prosecution, but ignorance of common or statutory law furnishes no exemption from responsibility.

Plaintiffs claim that former employees of the Department of Insurance approved some of the plaintiffs' acts, now objected to, and that the failure of the Department to subpoena said employees prejudiced plaintiffs' defense. The record does not support this allegation. No petition was presented by any of the plaintiffs to have a subpoena issue. We agree with the Director that it was not his duty to bring in said employees. It was the plaintiffs' duty to request their appearance and the issuance of the subpoenas.

We find, after giving full consideration to the record and the plaintiffs' brief, that the decision of the Illinois Director of Insurance and the imposition of the fines are not against the manifest weight of the evidence and we affirm the order of the Director.

Order affirmed.

BURMAN and DIERINGER, JJ., concur.